**96–1213. State v. McGuire.**
Preble App. No. CA9501001. On motion to strike exhibits from the record and on motion to supplement record. Motion to strike denied and motion to supplement granted.

**96–1272. Seagraves v. Seagraves.**
Montgomery App. No. 15588. On statement of fees pursuant to court order. Statement approved.

**96–1328. State ex rel. Grady v. State Emp. Relations Bd.**
Franklin App. No. 95APD11–1445. Pursuant to S.Ct.Prac.R. V(6), this court, *sua sponte*, orders the Court of Appeals for Franklin County to supplement the record with the motion for summary judgment (and any attachments thereto) of appellee, State Employment Relations Board, filed on or about December 12, 1995.

**96–1375. State ex rel. Jones v. Garfield Hts. Mun. Court.**
Cuyahoga App. No. 70611. On request for oral argument. Request denied.

**96–1376. State v. Dennis.**
Summit App. No. 17156. On motion to participate in oral argument and on motion for appointment of counsel. Motion to participate granted; *sua sponte*, motion remanded to court of appeals for appointment of counsel.

**96–1697. Snavely v. Erie Cty. Bd. of Revision.**
Board of Tax Appeals, No. 95–K–1242. On motion to strike. Motion denied.

F.E. SWEENEY, J., dissents.

**96–1809. State ex rel. Buchman v. Wayne Trace Local School Dist. Bd. of Edn.**
In Mandamus. On answer of respondent and motion to dismiss, motion to strike affidavit opinion testimony, motion to amend complaint, motion for leave to file supplemental affidavit, motion for leave to file supplemental affidavit of relator's counsel with affidavit attached, and motion for leave to file second supplemental affidavit of relator's counsel with affidavit attached. Motions to dismiss denied; motion to strike denied; motion to amend complaint granted; motions for leave to supplement granted; and, *sua sponte*, alternative writ granted.

STRATTON, J., not participating.

**96–1871. State v. Stowers.**
Tuscarawas App. No. 94AP090066. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry filed August 1, 1996:

"This cause comes before us on appellant's motion to certify this case to the Ohio Supreme Court for review because it is in conflict with the decision of the Twelfth District Court of Appeals in *State v. Givens* (March 9, 1992), Warren App. # CA92–02–015, unreported, and *State v. Yarber* (March 27, 1995) Preble App. # CA94–08–019, unreported.

"We have reviewed the cases cited by appellant and we find our decision in the within is in conflict with those reached by the Twelfth District, *supra*.

"Accordingly, we certify the within to the Supreme Court on the following issue: 'Whether a trial court errs in permitting an expert witness to testify the behavior of an alleged child-victim of sexual abuse is consistent with the behavior of children who have been sexually abused, because this impermissibly conveys to the jury the expert's belief the child was actually abused.'

"IT IS SO ORDERED."

F.E. SWEENEY, J., dissents.

**96–1955. State v. Broadnax.**
Hamilton App. Nos. C–940947 and C–940948. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., PFEIFER and STRATTON, JJ., dissent.